# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARCHELLE EPPERSON, | ) | CASE NO.  1:10CV1502 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is Plaintiff's application for attorney's fees (Doc. No. 26) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Commissioner's memorandum in opposition (Doc. No. 28, "Response"), and Plaintiff's reply (Doc. No. 30). For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

Plaintiff Marchelle Epperson filed this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the denial by an administrative law judge ("ALJ") of her application for disability insurance benefits and supplemental security income. On August 5, 2011, Magistrate Judge James R. Knepp II issued a Report and Recommendation (Doc. No. 21, "R&R") recommending the Commissioner's decision be reversed and remanded. The Commissioner did not object to the R&R. On August 25, 2011, this Court adopted the R&R, reversing the denial of benefits, remanding for further proceedings under sentence four of

§ 405(g), and directing the ALJ to reconsider Plaintiff's residual functional capacity ("RFC") and

to discuss third-party statements from Plaintiff's family and friends (Doc. No. 24).

## II. DISCUSSION

### A. Standard of Review

Plaintiff seeks an award of attorney's fees incurred in prosecuting the instant

action. The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses . . . incurred
> by that party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the United
> States . . . unless the court finds that the position of the United States was
> substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "fees and other expenses" authorized by the EAJA include

reasonable attorney's fees. *See* 28 U.S.C. 2412(d)(2)(A). The Supreme Court delineated the

elements of the statute:

> Thus, eligibility for a fee award in any civil action requires: (1) that the claimant
> be a "prevailing party"; (2) that the Government's position was not "substantially
> justified"; (3) that no "special circumstances make an award unjust"; and, (4)
> pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to
> the court within 30 days of final judgment in the action and be supported by an
> itemized statement.

*Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990) (quoting the

statute).

Because the Commissioner does not dispute that Plaintiff was the "prevailing

party" or that the fee application was timely, nor does he argue that special circumstances exist

to make an award unjust, the only contested issue before the Court is whether the government's

position to defend the ALJ's ruling was substantially justified. (Response at 700.)[1] The courts uniformly place the burden of demonstrating substantial justification on the government. *Hawke v. Astrue*, No. 3:07cv00108, 2009 U.S. Dist. LEXIS 30001, at *2 (S.D. Ohio Apr. 8, 2009). Thus, if the government can show that its litigation position was substantially justified, then the application for fees must be denied.

The Sixth Circuit has explained:

> A position is substantially justified when it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565, 108 S. Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact[.]" *Id.* The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id.* at 569, 108 S. Ct. 2541; *Jankovich v. Bowen,* 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . .' " *Scarborough,* 541 U.S. at ----, 124 S. Ct. at 1866 (quoting *Libas, Ltd. v. United States,* 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (alterations in original).

The government's position lacks substantial justification when it is contrary to established law, *Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997), or contrary to the Commissioner's regulations, *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 3637693, at *2 (N.D. Ohio Aug. 22, 2012) (collecting cases). The Sixth Circuit has outlined several factors that guide the Court's inquiry. These factors include the views of other courts on the underlying merits of the government's position; whether those courts viewed the outcome as a close call; the underlying clarity of the law at the time the government took its position; and the extent to which the government's position comported with the applicable law. *Hartmann v. Stone*, 156 F.3d 1229,

---

[1] Specific pages in the record are referred to using the PageID numbers applied by the electronic docketing system.

at *3 (6th Cir. 1998) (citing Pierce, 487 U.S. at 568–69). "In general, the more ambiguous the law, the more the government can claim that its position had some support in the applicable statutes and case law." *Id.*; *see also Tennessee Baptist Children's Homes, Inc. v. United States*, 790 F.2d 534, 540 (6th Cir. 1986) (fact that issues were "novel" supported government's claim to substantial justification). None of the individual factors are dispositive in and of themselves. *See Pierce*, 487 U.S. at 568–69.

### B. The Government's Position

Here, the Court found that the ALJ committed reversible error by omitting Plaintiff's moderate limitations in concentration, persistence, and pace ("CPP") from a hypothetical question posed to a Vocational Expert ("VE"), and therefore the VE's testimony as to Plaintiff's ability to perform specific jobs did not provide substantial evidence that Plaintiff was not disabled. (R&R at 673–75.)[2]

The Commissioner argues that the government's litigation position was substantially justified, because "even with regard to the issues the Court found lacking substantial evidence, the government had a reasonable basis for defending the ALJ's decision." (Response at 702.) In *Ealy v. Comm'r of Soc. Sec.*, however, the Sixth Circuit ruled that, "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the

---

[2] The Court also found that the ALJ did not discuss the third party statements from friends and family provided by Plaintiff in support of her claims, nor his reasons for rejecting those statements. "Because remand is already required […]," the Court ruled that "on remand the ALJ should also discuss the third party statements in accordance with SSR 06-03p." (*Id.* at 676–77.) SSR 06-03p, in combination with 20 CFR §§ 404.1513(d) and 416.913(d), provides that an ALJ *may* use evidence from other sources, such as friends and family, to show the severity of a claimant's impairments and the impairments' effect on the claimant's ability to function. Because neither SSR 06-03p nor controlling case law mandates the discussion of these third party statements, the Commissioner's support of the ALJ's decision not to do so is not material to the Court's substantial justification analysis.

question must accurately portray a claimant's physical and mental impairments." 594 F.3d 504, 516 (6th Cir. 2010). There, just as in the instant case, the ALJ found the claimant to have moderate CPP limitations, but omitted those limitations from the hypothetical to the VE, instead substituting language about claimant being limited to "simple" and "repetitive" tasks. *Id.* at 509, 516.

The rule in *Ealy* has been recognized in several different cases in this district prior to the Commissioner's filing of his brief in this matter on March 15, 2011. *See, e.g.*, *Martinez v. Comm'r of Soc. Sec.*, 692 F.Supp. 2d 822, 825 (N.D. Ohio 2010); *Johnson v. Astrue*, 2010 WL 5559542, at *8 (N.D. Ohio Dec. 3, 2010) (citing *Ealy* and noting that "there is a body of case law supporting the proposition that hypotheticals limiting claimants to jobs entailing no more than simple, routine, and unskilled work are not adequate to convey *moderate* limitations in ability to concentrate, persist, and keep pace.") (emphasis in the original); *Perry v. Comm'r of Soc. Sec.*, No. 3:09CV1847, 2010 WL 7366775, at *5–*6 (N.D. Ohio Sept. 27, 2010); *Surma v. Comm'r of Soc. Sec.*, No. 1:09CV01513, 2010 WL 3001908, at *5 (N.D. Ohio July 29, 2010) ("The hypothetical question given to the VE does not mention any pace-related limitations, and thus does not accurately represent [the claimant]'s mental limitations in order to be considered substantial evidence.").

When the Commissioner chose to defend the ALJ's position, the law of the circuit was clear and unambiguous that the ALJ's failure to include Plaintiff's moderate CPP limitation in the hypothetical presented to the VE was contrary to established law. In fact, the controlling case, *Ealy*, was decided on facts that are extraordinarily similar to the instant case, yet the

Commissioner failed to address *Ealy* at any point in his brief on the merits, in objections to the R&R, or in his response to Plaintiff's motion for fees.

The Commissioner's argument that "the government's ability to prevail on some of the issues raised by Plaintiff suggests that the government's overall position was at least reasonable" is unavailing. In support of this proposition, the Commissioner cites two unpublished cases, *Cunningham v. Halter*, 25 Fed. App'x 221 (6th Cir. 2001) and *Green v. Comm'r of Soc. Sec.*, 52 Fed. App'x 758 (6th Cir. 2002). Neither resembles the instant case. In *Cunningham*, the district court agreed with the Commissioner that the claimant was not disabled and remanded the request for benefits solely for further development of the record. 25 Fed. App'x at 222–23. In *Green*, "[t]he government was successful in defending the Commissioner's decision as to his evaluation regarding Green's lack of grip strength, environmental restrictions, and reliability of several of her doctors. Furthermore, the court found that the medical evidence did not support her testimony about her complaint of pain." 52 Fed. App'x at 759. Like *Cunningham*, *Green* was remanded only for further development of the record. *Id.* Moreover, both *Cunningham* and *Green* involve an appellate court reviewing the substantial justification determination of the district court for abuse of discretion, not de novo.

Indeed, the Court agreed with the Commissioner in the case at bar on one issue: that the ALJ did not err in omitting restrictions related to Plaintiff's chronic obstructive pulmonary disease in his hypothetical to the VE and in his RFC determination. (R&R at 675–76.) But the hypothetical presented to the VE was still legally deficient under *Ealy* because the ALJ failed to include Plaintiff's CPP limitations. Accordingly, the Commissioner has not set forth a "reasonable basis in law" for the ALJ's decision and, therefore, the Commissioner's

position in this matter is not substantially justified. Because the Commissioner's position is not substantially justified, Plaintiff is entitled to fees.

**B. The Amount of Fees to Be Compensated**

Having decided that Plaintiff is entitled to an award of fees under the EAJA, the Court must next determine the appropriate fee. The EAJA permits an award only of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). "[F]ees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $ 125 per hour, § 2412(d)(2)(A)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.* at 796 n.4 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

The burden lies with the fee applicant to establish the entitlement to an award of fees, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a Plaintiff seeking a higher hourly rate under the EAJA bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Submission of the Department of Labor's Consumer Price Index (CPI), alone, is insufficient evidence to warrant an award of EAJA fees at a rate greater than $125.00. *Id.* A Plaintiff "must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

*1. Hourly Rate*

   Plaintiff requests attorney's fees for 33.2 hours of attorney work at the statutory rate of $125 an hour, plus a cost of living increase consistent with the CPI, for an adjusted rate of $170.00 an hour for work performed in 2010 and $175.00 an hour for work performed in 2011. In support of her request, Plaintiff has attached an affidavit from Plaintiff's counsel, an itemized statement of time, and a table from the U.S. Bureau of Labor Statistics of local CPI numbers for urban consumers. (*See* Doc. Nos. 26-1, 26-2.) Although the Commissioner does not challenge the hourly rate requested, the Court must nonetheless review whether the requested fee is reasonable. *Roniger v. Comm'r of Soc. Sec. Admin.*, No. 1:09CV3025, 2012 WL 1592529, at *2 (N.D. Ohio May 4, 2012).

   Plaintiff has not produced satisfactory evidence to justify an increase in hourly rate beyond the statutory $125. Just as in *Bryant*, Plaintiff attempts to validate a fee increase merely by submitting CPI figures, without any evidence that the elevated rate would be commensurate with that of similarly situated attorneys in the community. Because *Bryant* is binding precedent in this district, and because Plaintiff has failed to meet the standard articulated therein, Plaintiff's hourly rate is limited to the $125 set forth in the statute.

*2. Hours Worked*

   Recognizing that Plaintiff's requested compensation for 33.2 hours of attorney work "does not so far exceed the bounds of reasonable to warrant total disallowance," the Commissioner argues that the request "warrants 'pruning' by the court to represent a reasonable fee." (Response at 705.) Specifically, the Commissioner objects to the 16.1 hours Plaintiff's counsel purportedly spent researching and preparing her fact sheet and statement of errors, 5.7

hours to researching and preparing her reply, 1.3 hours reviewing the Commissioner's response to the R&R and researching case law, and 3.9 hours preparing Plaintiff's EAJA application.

With one exception, the Court finds these time expenditures to be reasonable. Generally, courts from this district have approved payment in many cases for a greater number of hours than that sought by Plaintiff. *See, e.g.*, *Richards v. Sec'y of HHS*, 884 F.Supp. 256, 260 (N.D. Ohio 1995) (51.65 hours); *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012) (44.1 hours); *Johnson v. Astrue*, No. 1:09CV2959, 2011 WL 4729933, at *3 (N.D. Ohio Oct. 7, 2011) (33.3 hours); *Mischka v. Astrue*, No. 1:09CV2291, 2010 WL 4923093, at *2 (N.D. Ohio Nov. 29, 2010) (34.7 hours). The Court must inquire, however, into the reasonableness of the requested fees with respect to this particular case. Specifically, this case involved a lengthy 571-page record of administrative proceedings, which Plaintiff's counsel had to review and synthesize in writing her briefs. Moreover, the controlling precedent, *Ealy*, was decided within a year of Plaintiff's filing of her brief, thus presenting new case law requiring additional research.[3]

That said, the Court agrees with the Commissioner that Plaintiff has not shown that the block entry of 1.3 hours for review of the Commissioner's response to the R&R and legal research is reasonable. The response was one sentence, simply indicating that the Commissioner would not be filing objections to the R&R, and, unlike every other notation for research in Plaintiff's counsel's statement of time, the description in this entry does not mention the subject matter nor a document for which it was intended. The entry dates beyond the point at

---

[3] *Ealy* presents new law in the sense that a practitioner faced with a similar case would have to expend additional time researching that new law in writing briefs based thereupon. As applied to the case at bar, however, *Ealy* does not lack clarity or otherwise create any legal ambiguity sufficient to constitute a "novel issue" that would militate in favor of finding the Commissioner's position substantially justified.

which Plaintiff could have objected to the R&R, and Plaintiff's counsel did not begin working on Plaintiff's fee application for almost two months thereafter. The Court will thus reduce the compensated time for this entry by one hour to 0.3 hours, thereby reducing the total hours compensated from 33.2 to 32.2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is hereby **GRANTED IN PART** and **DENIED IN PART**. The Court **AWARDS** attorney's fees to Plaintiff in the amount of four thousand and twenty-five dollars ($4,025.00), representing 32.2 hours at $125 per hour.

**IT IS SO ORDERED**.


Dated: November 15, 2012 _____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

10